## 23792. HAWKINS v. THE STATE.

Decided April 6, 1934.

*Hugh E. Combs,* for plaintiff in error.
*Thomas B. Walton Jr., solicitor,* contra.

MacIntyre, J. The defendant was convicted on an accusation alleging a violation of section 442 of the Penal Code, in that he

did "be and appear in an intoxicated condition on a certain public street of the city of Washington, to wit: Hill's Row, which said drunkenness and intoxication was caused by the excessive use of intoxicating wines, beers, liquors, and opiates, and was made manifest by boisterousness and by indecent condition and acting and by vulgar, profane and unbecoming language and loud and violent discourse."

1. Under section 442 of the Penal Code, prior to act of 1912 (Ga. L. 1912, p. 78), it was necessary to prove that a person was and appeared in an intoxicating condition on a named street or highway; and proof that a road was commonly and largely used by the general public for a number of years, without more, would not support an allegation that such was a public street or highway; and in *Johnson* v. *State*, 1 *Ga. App.* 195 (58 S. E. 265), it was said: "A road can be proved to be a public road, i. e., in use as a public highway, in four ways. A public road is created in four ways: (1) by a legislative enactment; (2) by action of the proper county authorities; (3) by dedication; (4) by prescription."

Under the act of 1912, supra, it is necessary, with reference to a street or highway, only to prove that the drunkenness was on "any public or private street, road or private way generally used and traveled by the public or by the community where said street, road or private way is located." The testimony in this case showed that "there was a public street in Washington named Hill's Row"; that the defendant, in company with several others on said street, was very drunk, was talking in a loud voice, cursing and indulging in general profanity; and that for a good many years this street had been regularly used by pedestrians and automobiles. The evidence amply authorized the verdict.

2. The newly discovered evidence offered in support of the motion for a new trial was merely impeaching in its character as to whether the street in question came under the provisions of said Code section, and it does not appear that the newly discovered testimony would or should produce a different result.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*